IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIFFANY CALABRESE**, <br> *on behalf of herself and others similarly situated,* <br><br> **Plaintiff**, <br><br> vs. <br><br> **CBC NATIONAL BANK** <br> 1891 South 14th Street <br> Fernandina Beach, FL 32034 <br><br> **Defendant**. | Jury Trial Demanded <br><br><br> Civil Action No.: 1:16-cv-2228 |

## COMPLAINT

**Collective Action under the Fair Labor Standards Act**

**COMES NOW**, the Plaintiff Tiffany Calabrese, on behalf of herself and all others similarly situated, by and through her attorneys Donelon, P.C. and brings this action against Defendant CBC National Bank for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons working as Loan Processors for the Defendant for the past three years for failing to properly pay overtime compensation. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant operates a place of business in this district, does business in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant CBC National Bank (hereafter "CBC") has a bank charter class of national bank with the FDIC and is regulated by the Office of the Comptroller of Currency. CBC's headquarters is located in Fernandina Beach, Florida. According to its website (www.cbcnationalbankmortgage.com), Defendant operates a mortgage division with office locations in Rosemont and Sherwood, Illinois, as well as having mortgage offices in Arizona, California, Florida, Georgia, Indiana, Maryland, Michigan, Ohio, and Pennsylvania.

4. Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products in its mortgage division. On Defendant's website, it states: "Our staff consists of experienced mortgage banking professionals who are committed to providing extraordinary customer service, plus the convenience of a personal touch to every loan. CBC National Bank can provide you with the best innovations in mortgage industry because we offer a variety of loan program options to meet your needs."

5. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

6. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiff Tiffany Calabrese (hereafter "Plaintiff") is an adult resident of the state of Tennessee who currently resides in Hermitage, Tennessee. Plaintiff worked for Defendant as a Loan Processor from on or about November 2013 through on or about November 2015. She performed work in this position for Defendant's employees located at its Rosemont, Illinois office. Plaintiff performed these services for Defendant from her home office in Aurora, Illinois, and later from her home office in Hermitage, Tennessee. Numerous other Loan Processors worked for Defendant at its Rosemont, Illinois office.

8. Plaintiff, and others similarly situated, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

10. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

11. Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant as Loan Processors, or as employees with similar job duties, throughout the country during the applicable statutory periods.

## FACTUAL ALLEGATIONS

12. Plaintiff and others similarly situated worked as Loan Processors for Defendant at its offices in Arizona, California, Florida, Georgia, Illinois, Indiana, Maryland, Michigan, Ohio, and Pennsylvania.

13. Defendant is a financial institution that, among other things, sells financial products to customers including mortgage products.

14. As Loan Processors, Plaintiff and others similarly situated had or have the primary duty of collecting and organizing all the necessary paperwork from Defendant's

customers and its loan officers in order to process mortgage loan applications. These primary duties entitled Loan Processors to overtime compensation under the FLSA.

15. Plaintiff and others similarly situated performed this duty primarily for Defendant's mortgage division offices located in Arizona, California, Florida, Georgia, Indiana, Illinois, Maryland, Michigan, Ohio, and Pennsylvania.

16. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek. When calculating the regular rate of pay, it shall include all nondiscretionary compensation.

17. Regardless of location, in practice, Defendant treated the Plaintiff and others similarly situated as exempt from overtime premium compensation under the FLSA.

18. Regardless of location, Defendant, upon information and belief, paid Plaintiff and others similarly situated under the same, or similar, compensation policy/practice. This compensation policy/practice would pay Plaintiff and others similarly situated a set dollar amount of compensation not based on actual hours worked along with some bonus amount for each mortgage file worked on and closed. As an example, Plaintiff was paid a set annual salary of $60,000 paid on a bi-monthly basis and was paid $100 per mortgage file worked on that closed. She was not required to report hours worked in any fashion and was not paid any overtime.

19. Under Defendant's compensation policy/practice with Plaintiff and others similarly situated, Defendant failed to pay an overtime premium for hours worked in excess of forty per work week in violation of the FLSA.

20. Under Defendant's compensation policy/practice with Plaintiff and others similarly situated, these nonexempt employees would earn compensation unrelated to hours actually worked in violation of the FLSA. No overtime premium was ever provided to these employees under Defendant's compensation policy/practice in violation of the FLSA.

21. Regardless of location, Plaintiff and others similarly situated, routinely worked in excess of forty hours per workweek during their employment with Defendant without receiving overtime compensation as required under the FLSA. On average, the Plaintiff estimates that she worked 60 hours each workweek without receiving any overtime premium as required under the FLSA. This occurred on a routine weekly basis throughout the Plaintiff's employment with Defendant.

22. Defendant was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of overtime compensation and that its nondiscretionary bonus income must be included when calculating the overtime rate of pay.

23. Defendant's conduct was willful and in bad faith.

24. Regardless of location, Defendant routinely suffered and permitted Plaintiff and others similarly situated to work more than forty (40) hours per week and did not correctly pay them the overtime compensation that they were due.

25. Upon information and belief, Defendant did not keep accurate records of these hours worked by Plaintiff and others similarly situated as required by the FLSA.

26. Defendant operates under a scheme to deprive loan processors of overtime compensation owed under the FLSA by treating them as exempt; failing to pay an overtime premium as required, failing to accurately compensate at the correct overtime

5

rate of pay; and by failing to make, keep, and preserve records of their hours worked.

27. Plaintiff and others similarly situated were deprived of overtime pay that they were guaranteed by law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

29. Plaintiff files this action on behalf of herself and all individuals similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as a Loan Processors (or persons with similar job duties) for Defendant within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

30. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

31. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

32. Defendant failed to require and then preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

33. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiff and the FLSA Collective.

34. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

35. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's common policies and plans of treating its Loan Processors as exempt, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
### *On Behalf of Plaintiff and Those Similarly Situated*

37. Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

38. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

39. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

40. Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

41. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

42. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it failed to pay Plaintiff and those similarly situated overtime as required under the FLSA;

c) Judgment against Defendant for Plaintiff and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

Respectfully Submitted,



*/s/ Brendan J. Donelon*  
Brendan J. Donelon, N.D.Ill. 43901  
420 Nichols Road, Suite 200  
Kansas City, Missouri 64112  
Tel: (816) 221-7100  
Fax: (816) 709-1044  
brendan@donelonpc.com  

Daniel W. Craig, N.D.Ill. #6230845  
6614 Clayton Road, #320  
St. Louis, Missouri 63117  
Tel: (314) 297-8385  
Fax: (816) 709-1044  
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF