EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**TIFFANY CALABRESE and ANA CINTORA**

Plaintiffs,

**v.**

**CBC NATIONAL BANK**

Defendant.

**Civil Action No. 1:16-cv-2228**

Honorable Elaine E. Bucklo

Magistrate Judge: Hon. Sheila Finnegan

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Tiffany Calabrese and Ana Cintora (collectively, "Named Plaintiffs"); Dana Lay, Jessica Napoles, Gina Christiano, Carol Reinhardt, and Jeff Richardson (collectively, "Opt-In Plaintiffs") (Named Plaintiffs and Opt-In Plaintiffs are collectively referred to herein as "Plaintiffs"); and CBC National Bank ("Defendant").

WHEREAS, Named Plaintiff Tiffany Calabrese filed a lawsuit against Defendant in the U.S. District Court for the Northern District of Illinois, captioned *Tiffany Calabrese v. CBC National Bank*, Case No. 1:16-cv-2228, on February 15, 2016, in which she asserted a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA");

WHEREAS, Named Plaintiffs filed a First Amended Complaint against Defendant on September 3, 2016, in which they assert a claim under the FLSA covering additional positions;

WHEREAS, Defendant denies liability and/or any other wrongdoing with respect to Named Plaintiffs and all Opt-In Plaintiffs; and

WHEREAS, Plaintiffs and Defendant wish to avoid further litigation and settle and resolve the controversy between them amicably and expeditiously;

Page 1 of 11

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby:

STIPULATED AND AGREED by and between the undersigned Parties that the above-captioned matter is resolved as follows:

1.      **DEFINITIONS**

The terms set forth below shall have the following meanings:

1.1      "Agreement" means this "Settlement Agreement and Release."

1.2      "Approval Date" means the date on which the Court enters an Order approving this settlement as fair and reasonable.

1.3      "Class Counsel" means the law firms of Donelon, P.C. and the Law Offices of Thomas Ryan.

1.4      "Court" means the United States District Court for the Northern District of Illinois.

1.5      "Defense Counsel" means the law firm of Jackson Lewis P.C.

1.6      "Lawsuit" means the above-captioned action.

1.7      "Motion Date" means the date on which the Parties file a motion with the Court for approval of this settlement.

1.8      "Named Plaintiffs" refers collectively to Tiffany Calabrese and Ana Cintora.

1.9      "Opt-In Plaintiffs" refers collectively to Dana Lay, Jessica Napoles, Gina Christiano, Carol Reinhardt, and Jeff Richardson.

1.10     "Parties" collectively means Named Plaintiffs, the Opt-In Plaintiffs, and Defendant.

1.11     "Payment Amount" means, for each Named Plaintiff and each Opt-In Plaintiff, the monetary payments, including Service Awards, listed in Exhibit A to this

Agreement totaling One Hundred Twenty Four Thousand Seven Hundred Ninety Eight Dollars ($124,798.00).

1.12    "Plaintiffs" collectively means Named Plaintiff and the Opt-In Plaintiffs.

1.13    "Released Parties" means CBC National Bank, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys.

1.14    "Representative Plaintiffs" means Tiffany Calabrese, Ana Cintora, and Dana Lay.

1.15    "Service Awards" means those amounts set forth in Exhibit A to this Agreement that are payable to Representative Plaintiffs as payment for their efforts in representing the interests of all Plaintiffs and in consideration of their agreement to the general release described in Section 5.2 of this Agreement.

2.    **RECITALS**

2.1    Class Counsel has investigated the facts underlying this Lawsuit and consulted with Plaintiffs concerning the risks of continued litigation and the benefits of settlement at this stage in the proceedings. Plaintiffs and Class Counsel have concluded that the settlement described in this Agreement is fair and reasonable, and is in the best interest of Plaintiffs in light of all known facts and circumstances, including, *inter alia*, the possibility that Defendant might prevail at trial or through motions practice and the prospect of significant delay if this Lawsuit proceeds.

2.2    Released Parties deny any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit.

2.3     This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Released Parties.  Furthermore, neither this Agreement nor the settlement of this Lawsuit shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.4     Class Counsel agrees that, as of the Motion Date, there were no individuals who had retained Class Counsel to sue Defendant for violations of the FLSA or any state or local wage/hour and wage payment statute/ordinance other than Named Plaintiffs, Opt-In Plaintiffs, and the named plaintiffs and other individuals who have opted into the lawsuit filed by Steven Szalczyk in the United States District Court for the District of Maryland, captioned *Szalczyk v. CBC National Bank*, Case No. 1:15-CV-02011-RDB.

## 3.      PAYMENTS TO NAMED PLAINTIFFS & OPT-IN PLAINTIFFS

3.1     Defendant shall deliver to Class Counsel within thirty (30) days of the Approval Date:

> 1. Checks for the Service Awards payable to Representative Plaintiffs set forth in Exhibit A, without deductions.  At the close of the tax year in which any such checks are issued, Defendant shall issue directly to Representative Plaintiffs an IRS Form 1099 reflecting his/her Service Award.
>
> 2. Checks equaling fifty percent (50%) of the amount listed next to each Plaintiff's name on Exhibit A, excluding Service Awards, to represent alleged wages and/or overtime compensation due.  These payments will be treated as supplemental wages for tax purposes, and Defendant will deduct and withhold from these payments all applicable local, state, and

federal taxes, including income taxes and Federal Insurance Contributions Act ("FICA") taxes. At the close of the tax year in which any such checks are issued, Defendant shall issue directly to each Plaintiff an IRS Form W-2 reflecting his/her settlement payment of the alleged wages and/or overtime compensation due.

3. Checks equaling fifty percent (50%) of the amount listed next to each Plaintiff's name on Exhibit A, excluding Service Awards, without deductions, to represent alleged liquidated damages. At the close of the tax year in which any such checks are issued, Defendant shall issue directly to each Plaintiff an IRS Form 1099 reflecting his/her settlement payment of the alleged liquidated damages.

3.2     The face of each settlement check shall clearly state that the check must be cashed within ninety (90) calendar days. If any check is not cashed within the ninety-day period, such checks will be void, a stop-pay notice will be placed, and the monies shall be retained by Defendant.

3.3     Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension, and retirement programs or 401(k) plans maintained by Defendant. Defendant reserves the right, if necessary, to modify the language of their benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid, or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

3.4     Plaintiffs certify that neither Released Parties nor their counsel have made any representations as to the tax treatment of the settlement payments and Plaintiffs hereby agree to indemnify and hold harmless Released Parties from any and all

liability for taxes, interest and penalties in connection with their receipt of settlement payments.

**4.    PAYMENT OF FEES AND COSTS TO CLASS COUNSEL**

4.1    At the time the Parties file their motion for approval of this settlement, Class Counsel will file with the Court, and Defendant will not oppose, a motion for payment of attorneys' fees of an amount not to exceed Sixty-Four Thousand Three Hundred Fifty Dollars ($64,350.00) and costs and expenses in an amount not to exceed Five Thousand Eight Hundred Fifty Two Dollars ($5,852).  Within thirty (30) days of the Court issuing an order awarding fees and/or expenses to Class Counsel, Defendant shall pay to Class Counsel the amount of attorney's fees and litigation expenses approved by the Court up to a maximum amount of attorneys' fees of Sixty-Four Thousand Three Hundred Fifty Dollars ($64,350.00) and costs and expenses in an amount not to exceed Five Thousand Eight Hundred Fifty Two Dollars ($5,852) payable to "Donelon, P.C." At least fifteen (15) days before these checks are due as set forth hereunder, Class Counsel will provide a completed IRS W9 tax form.  At the end of the tax year in which any such payment is made, Defendant shall mail directly to Class Counsel an IRS 1099 tax form reflecting said payment and an IRS 1099 tax form to each Plaintiff for a proportionate amount of the attorneys' fees and costs paid to their attorneys on their behalf.  The attorney's fees to be paid pursuant to this Section 4.1 were independently negotiated and agreed upon separately without regard to the Payment Amount.

**5.    RELEASE OF CLAIMS**

5.1    In consideration of payment of the amounts listed in Exhibit A, Plaintiffs, by their signatures below, release and forever discharge the Released Parties from and

against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the Approval Date related to the payment of wages and/or other compensation that were or could have been asserted in the Lawsuit, including those claims that could arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), or any state or local wage/hour and wage payment statute/ordinance, for any type of relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties, wage deductions, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

5.2     In addition to the claims released by Representative Plaintiffs pursuant to Section 5.1 of this Agreement, and in consideration of the Service Awards, Representative Plaintiffs, by their signatures below, release and forever discharge the Released Parties from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the Approval Date, including, but not limited to, all such matters arising out of, or related in any way to their employment with CBC and, if applicable, the termination of their employment with CBC. Without in any way limiting the generality of the foregoing, to the maximum

extent permitted by law, Representative Plaintiffs hereby release any claims under Title VII of the Civil Rights Act of 1964 and 1991, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act of 1993, and all other federal, state and local laws pertaining to employment, wages and/or employment discrimination.

**6.     REQUIREMENT FOR COURT APPROVAL AND DEFENDANT'S RIGHT TO NULLIFY AGREEMENT BASED ON LACK OF PARTICIPATION**

6.1     This Agreement is contingent upon and does not become effective until (1) each of the Named Plaintiffs and Opt-In Plaintiffs has signed the Agreement and (2) the Court enters an Order approving this Agreement as fair and reasonable pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b).  If (1) any Plaintiff fails to sign this Agreement or (2) the Court does not enter an Order approving this Agreement, the Agreement shall be null and void.  Promptly after the execution of this Agreement, Class Counsel shall prepare for review by Defense Counsel a motion for approval of the settlement.  Thereafter, the Parties shall work diligently to come to an agreement on the contents of and file that motion, and to prepare and submit to the Court any other papers deemed necessary to obtain Court approval of the settlement.  When filed under the conditions set forth herein, this motion shall be represented as being with the consent of all parties.

6.2     Within five (5) business days of receipt of the last payment made by Defendant pursuant to Section 3.1 and Section 4.1, Plaintiffs shall file with the Court the Stipulation of Dismissal with Prejudice that is attached to this Agreement as Exhibit B.

7.     **MISCELANNEOUS**

7.1     The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

7.2     All Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared and executed this Agreement.

7.3     The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

7.4     This Agreement and its attachments may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties.  Any material modifications shall be approved by the Court in its continuing jurisdiction.

7.5     This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.   No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.   In the event of any conflict between this Agreement and its attachments and any other settlement-related document, the Parties intend that this Agreement and its attachments shall be controlling.

7.6     The validity and construction of this Agreement or of any of its terms or provisions shall be determined under the laws of the State of Illinois, regardless of any principles of conflicts of laws or choice of laws of any jurisdiction.

7.7    This Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

7.8    This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

7.9    Section titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated: _____        _____
                                Tiffany Calabrese


Dated: _____        _____
                                Gina Christiano


Dated: _____        _____
                                Ana Cintora


Dated: _____        _____
                                Dana Lay


Dated: _____        _____
                                Jessica Napoles


Dated: _____        _____
                                Carol Reinhardt


Dated: _____        _____
                                Jeff Richardson


Dated: _____        CBC National Bank

                                By: _____
                                Stuart Ehrlich, Senior Vice President, Director of
                                Human Resources

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated: _____        _____
                                Tiffany Calabrese


Dated: _____        _____
                                Gina Christiano


Dated: _____        _____
                                Ana Cintora


Dated: _____        _____
                                Dana Lay


Dated: _____        _____
                                Jessica Napoles


Dated: _____        _____
                                Carol Reinhardt


Dated: _____        _____
                                Jeff Richardson


Dated: _____        CBC National Bank

                                By: _____
                                Stuart Ehrlich, Senior Vice President, Director of
                                Human Resources


Page 11 of 11

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated: _____          _____
                                  Tiffany Calabrese

Dated: _____          _____
                                  Gina Christiano

Dated: _____          _____
                                  Ana Cintora

Dated: _____          _____
                                  Dana Lay

Dated: _____          _____
                                  Jessica Napoles

Dated: _____          _____
                                  Carol Reinhardt

Dated: _11/14/2017_____            _____
                                  Jeff Richardson

Dated: _____          CBC National Bank

                                  By: _____
                                  Stuart Ehrlich, Senior Vice President, Director of
                                  Human Resources

Page 11 of 11

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the
dates indicated below:


Dated: _____      _____
                              Tiffany Calabrese


Dated: _____      _____
                              Gina Christiano


Dated: _____      _____
                              Ana Cintora


Dated: _____      _____
                              Dana Lay


Dated: _11/13/2017_           _____
                              Jessica Napoles


Dated: _____      _____
                              Carol Reinhardt


Dated: _____      _____
                              Jeff Richardson


Dated: _____      CBC National Bank

                              By: _____
                              Stuart Ehrlich, Senior Vice President, Director of
                              Human Resources


Page 11 of 11

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated: 11/13/2017

_____
Tiffany Calabrese

Dated: _____

_____
Gina Christiano

Dated: _____

_____
Ana Cintora

Dated: _____

_____
Dana Lay

Dated: _____

_____
Jessica Napoles

Dated: _____

_____
Carol Reinhardt

Dated: _____

_____
Jeff Richardson

Dated: _____

CBC National Bank

By: _____
Stuart Ehrlich, Senior Vice President, Director of Human Resources

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated: _____          _____
                                Tiffany Calabrese

Dated: __11-13-2017__           _____
                                Gina Christiano

Dated: _____          _____
                                Ana Cintora

Dated: _____          _____
                                Dana Lay

Dated: _____          _____
                                Jessica Napoles

Dated: _____          _____
                                Carol Reinhardt

Dated: _____          _____
                                Jeff Richardson

Dated: _____          CBC National Bank

                                By: _____
                                Stuart Ehrlich, Senior Vice President, Director of
                                Human Resources

Page 11 of 11

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated: _____      _____
                                         Tiffany Calabrese

Dated: _____      _____
                                         Gina Christiano

Dated: _____      _____
                                         Ana Cintora

Dated: 11/15/17      _____
                                         Dana Lay

Dated: _____      _____
                                         Jessica Napoles

Dated: _____      _____
                                         Carol Reinhardt

Dated: _____      _____
                                         Jeff Richardson

Dated: _____      CBC National Bank

                                         By: _____
                                         Stuart Ehrlich, Senior Vice President, Director of Human Resources

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:


Dated: _____          _____
                                  Tiffany Calabrese


Dated: _____          _____
                                  Gina Christiano


Dated: 11·13·17                   *Ana Cintora* (signature)
                                  _____
                                  Ana Cintora


Dated: _____          _____
                                  Dana Lay


Dated: _____          _____
                                  Jessica Napoles


Dated: _____          _____
                                  Carol Reinhardt


Dated: _____          _____
                                  Jeff Richardson


Dated: _____          CBC National Bank

                                  By: _____
                                  Stuart Ehrlich, Senior Vice President, Director of
                                  Human Resources

## EXHIBIT A

| PLAINTIFF/OPT-IN NAME | SETTLEMENT PAYMENT | SERVICE AWARD |
|---|---|---|
| Calabrese, Tiffany | $36,953.75 | $1,500 |
| Christiano, Gina | $18,962.62 | N/A |
| Cintora, Ana | $5,697.63 | $1,500 |
| Lay, Dana | $33,521.59 | $500 |
| Napoles, Jessica | $11,052.05 | N/A |
| Reinhardt, Carol | $7,210.64 | N/A |
| Richardson, Jeff | $7,899.73 | N/A |

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

<table>
<tr>
<td>

**TIFFANY CALABRESE and ANA CINTORA**

                **Plaintiffs,**

**v.**

**CBC NATIONAL BANK**

                **Defendant.**

</td>
<td>

**Civil Action No. 1:16-cv-2228**

Honorable Elaine E. Bucklo

Magistrate Judge: Hon. Sheila Finnegan

</td>
</tr>
</table>

**<u>STIPULATION OF DISMISSAL WITH PREJUDICE</u>**

It is hereby stipulated by and between the parties to this action, through their designated counsel and pursuant to the Settlement Agreement and Release approved by the Court on **[INSERT APPROVAL DATE]**, that the above-captioned action, including all claims, be and hereby is dismissed with prejudice. Except as otherwise provided in the Settlement Agreement and Release, the parties are to bear their own attorneys' fees and costs.

Dated: _____

*/s/ Brendan J. Donelon*
Brendan J. Donelon, N.D.Ill. 43901
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com

-and-

*/s/ Emmett F. McGee*
Emmett F. McGee
Keith D. Hudolin
Jackson Lewis, P.C.
2800 Quarry Lake Dr., Ste. 200
Baltimore, MD 21209
410-415-2000
410-415-2001 facsimile
Emmett.McGee@jacksonlewis.com
Keith.Hudolin@jacksonlewis.com

Daniel W. Craig, N.D.Ill. #6230845
6614 Clayton Road, #320
St. Louis, Missouri 63117
Tel:     (314) 297-8385
Fax:     (816) 709-1044
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFF

Kirsten A. Milton
Sarah J. Gasperini
Jackson Lewis, P.C.
150 North Michigan Ave., Ste. 2500
Chicago, IL 60601
312-787-4949
312-787-4995 facsimile
Kirsten.Milton@jacksonlewis.com
Gasperis@jacksonlewis.com

ATTORNEYS FOR DEFENDANT